# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO ARANDA, <br><br> Petitioner, <br><br> v. <br><br> GAVIN NEWSOM, et. al, <br><br> Respondents. | Case No. 2:21-cv-04958-MCS (AFM) <br><br> **ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |

Petitioner, a state prisoner, filed this petition for writ of habeas corpus on June 13, 2021.[1] The petition challenges Petitioner's 2001 conviction on the ground that his confinement is unlawful because the murder charges were brought via an information rather than a grand jury indictment. (ECF 1.) For the following reasons, it appears that the petition is subject to dismissal.

**A. The petition appears to be untimely.**

State prisoners have one-year to file a federal application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run

---

[1] Although the petition was stamped filed by the Clerk's Office on June 17, 2021, Petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a petition is deemed filed on the date on which it was handed it to the proper prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted on March 1, 2001. (ECF 1 at 2.) The California Court of Appeal affirmed the conviction on December 6, 2001, and the California Supreme Court denied review on February 13, 2002. *See People v. Aranda*, No. B149427, 2001 WL 1556083, at *1 (Cal. Ct. App. Dec. 6, 2001). Petitioner's conviction became final on May 14, 2022, when the time for filing a petition for a writ of certiorari in the United States Supreme Court elapsed. *See Brown v. Roe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). Absent tolling, the one-year limitation period expired one year later on May 14, 2003. *Patterson v. Stewart*, 251 F.3d 1243, 1245-1246 (9th Cir. 2001).

Tolling

The one-year limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to his claims, through a particular post-conviction petition or application. The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

Here, there is no indication that statutory tolling applies. The state court habeas denials attached to the petition show that Petitioner sought state habeas relief in 2020 – long after the one-year period ended. (*See* ECF 1 at 14-22.) Accordingly, these state petitions do not toll the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

The limitation period also can be equitably tolled. In order to warrant equitable tolling, a petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The "extraordinary circumstance" requirement "suggests that an external force must cause the untimeliness, rather than ... merely oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks and citation omitted). "The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citations, internal quotations marks, and brackets omitted). Petitioner does not allege, and nothing suggests, that he is entitled equitable tolling for the 18 years during which he apparently took no action in attempt to raise his claim.

Delayed Accrual

The commencement of the limitation period can be delayed if the petitioner was prevented from filing by unconstitutional state action; if the petitioner is asserting a claim based on a right newly recognized by the Supreme Court and made retroactive to cases on collateral review; or if the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B)-(D). The limitation period is tolled for the time during which a properly filed application for State post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). Petitioner was convicted and sentenced more than twenty years ago. Petitioner has not argued, and the record does not suggest, that he is entitled to delayed commencement of the limitation period or tolling of the limitations period. Notably, Petitioner's claim is not based on a right newly

recognized by the Supreme Court and made retroactive to cases on collateral review. Further, Petitioner necessarily was aware of the factual predicate of his claim at the time he was charged by Information rather than by a grand jury indictment.

### B. The petition fails to raise a cognizable claim.

Petitioner raises a single claim: He alleges that his state criminal prosecution was unlawful because the charges were brought via an information, and not a grand jury indictment. The grand jury requirement of the Fifth Amendment, however, is not applicable to the states, and accordingly, prosecution via an information is not unconstitutional. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *James v. Reese*, 546 F.2d 325, 327–328 (9th Cir. 1976). Thus, the failure of the state to proceed on an indictment does not raise a federal question. *See Escamilla v. Diaz*, 2021 WL 1225977, at *1–2 (C.D. Cal. Apr. 1, 2021) (dismissing petition, explaining in part that, "petitioner's sole claim in the Petition alleging his state criminal prosecution was unlawful because the charges were brought via a felony complaint, and not a grand jury indictment, does not present a federal question"), *appeal filed*, April 22, 2021 (9th Cir. Case No. 21-55398); *Caisse v. Mattheson*, 2020 WL 5760284, at *2 (N.D. Cal. Sept. 28, 2020) ("the failure to obtain grand jury indictment prior to charging petitioner does not raise a question of federal law and is not cognizable on habeas review").

**For the foregoing reasons, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed** as (1) untimely and (2) for failure to state a cognizable claim. Petitioner may discharge this Order by filing a Response on or **before July 23, 2021.** With respect to the timeliness of the petition, if Petitioner contends that he is entitled to a later date of accrual (*i.e.*, that unconstitutional state action prevented him from timely filing a petition or that he could not have discovered the factual predicate of his claims until a certain date after his conviction became final) or that he is entitled to equitable tolling, Petitioner must describe specifically the nature and duration of any circumstances which he believes impeded

his ability to timely file his petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, *see* 28 U.S.C. §1746, or in properly authenticated documents.

**Finally, Petitioner is cautioned that his failure to timely file a response to this Order by July 23, 2021 may result in the dismissal of this petition for the reasons set forth above, or for failure to prosecute and failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); C.D. Cal. Local Civil Rule 41-1.

**IT IS SO ORDERED.**

DATED: 6/29/2021

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE