# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONSO ARANDA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　Respondents. | Case No. 2:21-cv-04958-MCS (AFM)<br><br>**ORDER DISMISSING PETITION** |

Petitioner, a state prisoner, filed this petition for writ of habeas corpus on June 13, 2021.[1] Petitioner is currently serving a sentence of life without the possibility of parole as a result of his 2001 conviction for murder. Petitioner challenges his 2001 conviction on the ground that his confinement is unlawful because the murder charges were brought via an information rather than a grand jury indictment. (ECF 1.)

On June 29, 2021, the Magistrate Judge ordered Petitioner to show cause why the petition should not be dismissed as time barred and/or for failure to state a

---

[1] Although the petition was stamped filed by the Clerk's Office on June 17, 2021, Petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a petition is deemed filed on the date on which it was handed it to the proper prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

cognizable claim. (ECF 4.) Petitioner filed a response to the order to show cause on July 16, 2021, in which he repeats his argument that he is entitled to relief because he was deprived of his constitutional right to be charged via a grand jury indictment. Further, according to Petitioner, the absence of an indictment deprived the state court of jurisdiction over him, and such a claim is not subject to the AEDPA's one-year statute of limitation. (ECF 5.)

## DISCUSSION

### A. The petition is untimely.

State prisoners have one-year to file a federal application for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was convicted on March 1, 2001. (ECF 1 at 2.) The California Court of Appeal affirmed the conviction on December 6, 2001, and the California Supreme Court denied review on February 13, 2002. *See People v. Aranda*, No. B149427, 2001 WL 1556083, at *1 (Cal. Ct. App. Dec. 6, 2001). Petitioner's conviction became final on May 14, 2002, when the time for filing a petition for a writ of certiorari in the United States Supreme Court elapsed. *See Bowen v. Roe*, 188 F.3d 1157, 1158-1159 (9th Cir. 1999). As explained in the order to show cause, Petitioner is not entitled to either statutory or equitable tolling. (*See* ECF 4 at 2.) Consequently, the one-year limitation period expired on May 14, 2003. *Patterson v. Stewart*, 251 F.3d 1243, 1245-1246 (9th Cir. 2001).

Finally, there is no authority supporting Petitioner's argument that a claim of lack of jurisdiction constitutes an exception to the AEDPA's one-year limitation period. *See Black v. Robertson,* 2021 WL 1664173, at *6 (C.D. Cal. Apr. 28, 2021) ("In an attempt to bypass the statute of limitations hurdle, Petitioner is claiming a 'fundamental constitutional error exception,' namely, when a trial court lacked jurisdiction over a criminal case. ... However, Petitioner has failed to cite, and the

Court has been unable to locate, any authority supporting such an exception for a state prisoner."), *report and recommendation adopted,* 2021 WL 1664172 (C.D. Cal. Apr. 28, 2021); *Talbott v. Koenig*, 2019 WL 2932548, at *6 (C.D. Cal. May 29, 2019) (the petitioner's subject matter jurisdiction claim does not exempt his petition from AEDPA's statute of limitations), *report and recommendation adopted*, 2019 WL 2918141 (C.D. Cal. July 5, 2019), *vacated*, 2019 WL 3741023 (C.D. Cal. Aug. 6, 2019), and *report and recommendation adopted*, 2019 WL 3741023 (C.D. Cal. Aug. 6, 2019).

### B. The petition fails to raise a cognizable claim.

Petitioner raises a single claim: He alleges that his state criminal prosecution was unlawful because the charges were brought via an information, and not a grand jury indictment. As explained in the order to show cause, the grand jury requirement of the Fifth Amendment is not applicable to the states. Thus, contrary to Petitioner's contention, prosecution via an information is not unconstitutional. *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *James v. Reese*, 546 F.2d 325, 327–328 (9th Cir. 1976). Thus, the failure of the state to proceed on an indictment does not raise a federal question. *See Escamilla v. Diaz*, 2021 WL 1225977, at *1–2 (C.D. Cal. Apr. 1, 2021) (dismissing petition, explaining in part that, "petitioner's sole claim in the Petition alleging his state criminal prosecution was unlawful because the charges were brought via a felony complaint, and not a grand jury indictment, does not present a federal question"), *appeal filed*, April 22, 2021 (9th Cir. Case No. 21-55398); *Caisse v. Mattheson*, 2020 WL 5760284, at *2 (N.D. Cal. Sept. 28, 2020) ("the failure to obtain grand jury indictment prior to charging petitioner does not raise a question of federal law and is not cognizable on habeas review"). The order to show cause advised Petitioner that he had not presented a cognizable federal claim, and his response includes nothing that would alter this conclusion.

///

///

**ORDER**

IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus is dismissed with prejudice as untimely and for failure to state a cognizable claim.

DATED: July 30, 2021

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE